IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Roderick L. Brown, #27866-068, | ) | |
| --- | --- | --- |
| | ) | C/A No. 6:18-1164-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| M. Travis Bragg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Roderick L. Brown is an inmate in custody of the Federal Bureau of Prisons who currently is housed at Bennettsville FCI in Bennettsville, South Carolina. On April 27, 2018, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that his conviction and sentence violate the double jeopardy clause of the United States Constitution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

The Magistrate Judge reviewed the allegations of the § 2241 petition pursuant to Rules 1(b) and 4, Rules Governing Section 2254 Cases. On May 29, 2018, the Magistrate Judge issued a Report and Recommendation in which he noted that, although Petitioner brings this action pursuant to § 2241, he must challenge his conviction and sentence pursuant to 28 U.S.C. § 2255. See Lester v. Flournoy, 909 F.3d 708, 710 (4th Cir. 2018). The Magistrate Judge further noted that Petitioner currently has pending a § 2255 motion before the sentencing court in the Western District of North Carolina. In addition, the Magistrate Judge determined that the "savings clause" contained in § 2255 does not apply because Petitioner's § 2255 motion is still pending.[1] Finally, the Magistrate Judge

---

[1] Title 28, United States Code, Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized

determined that Petitioner cannot contemporaneously seek relief from his conviction and sentence by way of a § 2241 petition in this court while his § 2255 motion is pending in the Western District of North Carolina. Accordingly, the Magistrate Judge recommended that the § 2241 petition be summarily dismissed without prejudice and without requiring Respondent M. Travis Bragg to respond.

Petitioner filed objections to the Report and Recommendation on June 11, 2018. Petitioner does not dispute the Magistrate Judge's conclusions; however, he asserts that this court has the jurisdiction to vacate a void conviction and grant relief that would render his pending § 2255 motion moot.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

DISCUSSION

As the Magistrate Judge correctly observed, Petitioner's exclusive remedy for collaterally attacking the imposition of his sentence is to seek relief under § 2255, unless the remedy is inadequate or ineffective. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). A federal prisoner may

---

to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

seek a writ of habeas corpus under § 2241 when § 2255 proves inadequate or ineffective to test the legality of detention. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). However, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Id. Section 2255 "is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. at 333-34.

Here, Petitioner has not yet received a disposition of his § 2255 motion from the sentencing court. If Petitioner does not prevail, he can bring an action under § 2241 only if he meets one of the three criteria set forth in In re Jones. Petitioner's objections are without merit.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

January 10, 2018